## PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ALVARO WALKER, Defendant and Appellant.

No. 7360. Argued February 9, 1939.—Decided March 31, 1939.

R. *Rivera Correa* for appellant. R. A. *Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The complaint, in its pertinent part, reads as follows:

"The said defendant Álvaro Walker, then and there, illegally, voluntarily and maliciously, did have in his possession ingredients or substances that intermingled constitute a strong explosive, with the intention of terrorizing or causing damage to any property."

In its first part it is stated that it is based on section 12 of Act No. 67 of 1934.

The title of the Act reads as follows: "To regulate the manufacture, possession, storage, transportation, sale or gift of explosives in Puerto Rico, defining offenses, prescribing penalties, declaring an emergency, and for other purposes." (P. 458.) And the pertinent thereof, section 12, provides:

"Section 12.—*Possession with intent to injure; punishment.*— Any person who shall have in his possession dynamite or other explosive chemical or substance, with intent to use the same for the purpose of inflicting bodily injure on, or to terrify and frighten any person, or to injure or destroy any property, or to damage the same in any manner, shall be liable, on conviction, to pay a fine of not less than one hundred fifty (150) nor more than three thousand (3,000) dollars or to imprisonment at hard labor for a term of not less than six (6) months and not to exceed five (5) years."

Therefore, what it punishes is the possession—with the stated intention—*of dynamite or other explosive chemical or substance.* What causes confusion is the use of the word substance which is not found in any other part of the act.

It provides by section 1 that it is applicable to the manufacture, possession, storage, transportation, sale or gift *of explosives as defined in section 2.*

The definition in Section 2 is:

" 'Explosive' or 'explosives' means any chemical compound or any mechanical mixture containing any oxidizing and combustible units or other ingredients in such proportions, quantities or packing that an ignition by fire, friction, concussion, percussion or detonator of any part of the compound or mixture may cause sudden generation of highly heated gases that the resultant gaseous pressures are capable of producing destructive effects upon life, limb or contiguous objects, but does not mean gasoline, kerosene, naptha, turpentine, benzine, colloided nitrocellulose in sheets or rods or grains not under one-eighth of an inch in diameter, wet nitrocellulose and wet nitro starch containing twenty per centum or more moisture or wet picric acid containing or being in ten per centum or more moisture. Manufactured articles such as fixed ammunition for small arms, fire crackers, safety fuse, matches, etc., shall not be held to be explosives when the individual units contain explosives in such limited quantity, of such nature or in such packing that it is impossible to produce a simultaneous or a destructive explosion of such units, to the injury of life, limb or property."

Section 3 refers to the *encasement of explosives* and section 4 to the *storage* thereof.

Sections 5, 6 and 7 refer to magazines where *explosives shall be lawfully kept.* Section 8 to licenses for the *storage of explosives.* Section 9 to the *transportation of explosives.* Section 10 to the *records of sales or gifts of explosives* and section 11 to the *unlawful use of explosives.*

They all deal, therefore, exclusively with explosives. It is in section 12 where the words "dynamite" which has a special meaning, and "substance" which has a general mean-

ing, are used, and that taking into account the purpose and extent of the law must necessarily refer to substances of an explosive nature.

What was the intent of the legislator when he used the term without express determination? Was it to include a case as the one charged in the complaint, that is, possession with the intention of terrorizing or causing damage of substances that intermingled are explosive?

It is true that the use of the singular includes the plural, but necessarily it would have to be in the line of explosive substances, it being impossible to extend it to substances that intermingled are explosive. The definition speaks of a mixture and by mixture one understands something already made and not something to be made.

Perhaps the true intention of the Legislature was to include among the punishable acts the possession with the evil intent indicated, of substances that intermingled should result in an explosive, in order to prevent non compliance with its prohibition, which can be easily effected by having all the ingredients ready and by leaving the mixing thereof for the last moment, but if such was the case, it did not express its intent with that clearness and certainty our institutions require in order to punish a person for the commission of a crime.

So that the charge in the complaint should fall within the statute, it would have to be amended to read "dynamite or other explosive chemical or substances that intermingled constitute an explosive," or something similar.

Since that is the case, the demurrer filed by the defendant should have been sustained, if the facts stated did not constitute a crime, and thus the court committed the first error assigned when it dismissed said demurrer.

Therefore, the judgment appealed from is reversed and the defendant acquitted, without it being necessary to consider and decide the other assignment of error.

Mr. Justice Wolf concurs in the result.